UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 10-20463-CIV-Martinez/Brown

MAYRA PENA,

Plaintiff,

vs.

DELL INC., a Delaware Corporation,

Defendant.

_______________________________________/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT DELL'S "REBUTTAL" EXPERT WITNESS DISCLOSURES AND TO STRIKE RYAN COX AND RICHARD VICARS (AND MEMORANDUM OF LAW)**

COMES NOW the Defendant, DELL INC., by and through its undersigned attorneys, and files this it's Response and Memorandum of Law in Opposition to Plaintiff's Motion to Strike Defendant DELL'S Rebuttal Expert Witness Disclosures and to Strike Ryan Cox and Richard Vicars, and as grounds therefore would state as follows:

1. This is an action for negligence and products liability that arises out of a house fire that allegedly caused property damage. Specifically, the Plaintiff alleges that a Dell laptop computer malfunctioned and thereby started a fire at her home, which caused substantial damage. See Exhibit #1, Plaintiff's Complaint.

2. This action was originally filed in the Circuit Court of Miami-Dade County. Subsequently, DELL filed a Notice of Removal to the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446. See Exhibit #2, Notice of Removal. Thereafter, on February 12, 2010 DELL filed its

Answer and Affirmative Defenses to Plaintiff's Complaint. . See Exhibit #3, Dell's Answers and Affirmative Defenses.

3. On March 26, 2010, the Court issued its Order Setting Civil Trial Date and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge. Therein, the Court ordered that the parties shall exchange expert witness summaries and reports as required by Local Rule 16.1.K. on or before June 28, 2010. The Court's Order indicated that parties shall exchange *rebuttal* expert witness summaries and reports as required by Local 16.1.K. by *July 19, 2010*. Emphasis added.

4. On May 21, 2010, the Court Granted DELL counsel's Motion to Withdraw as Attorney of Record and ordered DELL to retain new counsel on or before June 18, 2010. See Exhibit #4, Court's Order Granting Dell's Motion to Withdraw as Attorney of Record.

5. Also on May 21, 2010, the Court issued an Order on DELL'S Motion for Extension of Time to Respond to Discovery, which ordered DELL to respond to Discovery by June 25, 2010.

6. On June 1, 2010, counsel from the undersigned law firm of Lewis Brisbois Bisgaard & Smith, LLP., entered their appearance as new counsel on behalf DELL in compliance with the Court's May 21, 2010 Order. See Exhibit #5, Notice of Appearance.

7. Despite having recently retained new counsel, DELL timely served its responses to Plaintiff's Initial Discovery Requests pursuant to the Court's Order of May 21, 2010 indicating that DELL'S discovery responses were due by June 25, 2010. . See Exhibit #6, Defendant's Responses to Plaintiff's First Set of Interrogatories and First Request for Production of Documents.

8. On June 28, 2010, Plaintiff served its Expert Witness Summaries and Reports, which disclosed as expert witnesses, Fire Investigator Denis Kerr, Electrical Engineer Michael J. Germuska, General Contractor Mark Ryan Jay Guden on actual cash value of damages and Robert Denberg on restoration costs. . See Exhibit #7, Plaintiff's Expert Witness Disclosure.

9. On July 19, 2010, DELL timely served its Rebuttal Expert Witness Disclosures pursuant to the Court's Order Setting Civil Trial Dates and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge, which ordered exchange of rebuttal expert witness summaries and reports by July 19, 2010. Defendant DELL designated Fire Investigator Ryan M. Cox and Forensic Engineer and Investigator Richard J. Vicars to opine and testify in rebuttal to Plaintiff's experts' contentions. . See Exhibit #8, Defendant's Disclosure of Expert Rebuttal Witness.

WHEREFORE, based on the fact that Defendant timely served its Rebuttal Expert Witness Disclosures and that Ryan Cox and Richard Vicars are appropriate as rebuttal witnesses and that Plaintiff has suffered no prejudice in relation to Defendant's Rebuttal Expert Witness Disclosures, the Defendant DELL would respectfully request that this Honorable Court enter an order denying Plaintiff's Motion to Strike Defendant Dell's "Rebuttal" Expert Witness Disclosures and to Strike Ryan Cox and Richard Vicars.

Further, and in support of this Response, the Defendant DELL would refer this Honorable Court to the Memorandum of Law attached hereto and by reference made part hereof.

## DEFENDANT'S MEMORANDUM OF LAW

### A. DEFENDANT'S REBUTTAL EXPERT WITNESS DISCLOSURE WAS TIMELY PURSUANT TO COURT'S ORDER.

The Court's Order Setting Civil Trial Dates and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge clearly indicate that "parties shall

exchange rebuttal expert witness summaries and reports as required by Local Rule 16.1.K. by July 19, 2010." Accordingly, Defendant's Rebuttal Expert Witness Disclosures were served on July 19, 2010. Based on the fact that Defendant DELL complied with the Court's Order and timely served its Rebuttal Expert Witness Disclosures on July 19, 2010, there is no basis for this Honorable Court to strike Defendant's Rebuttal Expert Witness Disclosures and/or strike Defendant's experts Ryan Cox and Richard Vicars.

**B. RYAN COX AND RICHARD VICARS ARE APPROPRIATE AS REBUTTAL EXPERT WITNESSES.**

Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure defines rebuttal testimony as that offered, "solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)." Furthermore, proper rebuttal testimony should be used to "explain, repeal, counteract or disprove evidence of the adverse party." See United States v. Lamoreaux, 422 F. 3rd 750, 755 (8th Cir. 2005) (internal quotations and citations omitted).

In the instant case, the reports of Mr. Cox and Mr. Vicars specifically indicate that there opinions are offered "in rebuttal to Plaintiff's experts contentions." See Composite Exhibit #9, Report of Ryan Cox and Report of Richard Vicars. Additionally, the Reports of Ryan Cox and Richard Vicars specifically indicate that in addition to their own investigation, they reviewed Plaintiff's Expert Disclosure and Opinions in comprising their reports. Mr. Cox's Report pointedly refutes the opinion of Plaintiff's expert Denis Kerr, that the point of origin of the fire was the subject Dell laptop computer. Furthermore, Mr. Cox counters the opinions of Plaintiff's expert Michael Germuska that the fire began in the Dell laptop computer and then spread throughout the home. As indicated in his Report, Mr. Cox is of the opinion that the ignition sequence for the fire has not been determined and therefore, he disagrees with Mr. Kerr and Mr. Germuska that the Dell computer was the point of ignition.

Likewise, Mr. Vicker's opinions clearly contradict the opinions of Plaintiff's experts regarding the root fire cause. Mr. Vicker's Report contains a section titled "Opinions of Kerr and Germuska" which clearly attempts to explain, repeal, counteract and disprove evidenced offered by Plaintiff. See United States v. Lamoreaux, *supra*.

Defendant's Rebuttal Expert Witnesses Reports pertained to the same subject matter as the reports of Plaintiff's experts Kerr and Germuska. Moreover, the Reports of Defendant DELL'S rebuttal expert witnesses are responsive to the opinions and theories offered by the Plaintiff's experts. Accordingly, Defendant's rebuttal expert witnesses are true rebuttal witnesses and should not be stricken.

**C. NO PREJUDICE TO PLAINTIFF BASED ON DEFENDANT DELL'S REBUTTAL EXPERT WITNESSES.**

Defendant DELL timely disclosed its rebuttal expert witnesses pursuant to the Court's Order and therefore the Plaintiff is unable to claim "surprise" or "sporting" tactics. This Honorable Court clearly took into account whether Plaintiff would have reasonable time to prepare for examination of Defendant's rebuttal experts in advance of trial. This Court decided that the time period from July 19, 2010 through August 11, 2010 was reasonable to allow Plaintiff to prepare an "effective cross examination" as contemplated by the Federal Rules and depose Defendant's experts prior to the discovery deadline of August 11, 2010. The Court appears to be correct in its assumption in that Plaintiff and Defendant have agreed that Defendant's rebuttal expert witnesses will be deposed on August 6, 2010. Plaintiff's argument that it required additional time in order to retain experts to rebut the opinions of Mr. Cox and Mr. Vicars is without merit. Clearly, rebuttal witnesses on behalf of Plaintiff to oppose the opinions of the rebuttal witnesses on behalf of Defendant would be cumulative and unreasonable. Plaintiff

retained a fire investigator and an engineer who should be able to respond to the opinions of Defendant's fire expert and engineer.

Defendant DELL'S rebuttal expert witnesses are appropriate as they were timely disclosed and offer true rebuttal testimony. Moreover, the Plaintiff is not prejudiced by Defendant DELL'S rebuttal expert witnesses.

It also bears noting that the Plaintiff served a purported "Amended" Expert Disclosure in this case on July 19, 2010, Amended as Exhibit #10, well beyond the date specified in the scheduling order. The new disclosure (which is in actuality a supplemental disclosure by any stretch) refers to x-rays not previously disclosed to Defendant, and opinions based upon those x-rays. The x-rays themselves were not provided to Defendant until July 22, 2010.

Defendant experts must now review those x-rays and should be permitted to offer opinions of their own in further rebuttal to this newly disclosed evidence.

THEREFORE, Plaintiff's Motion to Strike Defendant Dell's "Rebuttal" Expert Witness Disclosures and to Strike Ryan Cox and Richard Vicars should be denied.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that I electronically filed the foregoing on this *27th* day of July, 2010 with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing to: **LARRY L. COOK, ESQ.,** *Attorney for Plaintiff*, Daniel, Kashtan, Downs, Robertson & McGirney, 3300 Ponce de Leon Boulevard, Coral Gables, Florida 33134 and U.S. Mail to **GEORGE D. PILJA, ESQ.**, *Attorney for Plaintiff*, Foran Glennon Palandech & Ponzi, P.A., 222 North LaSalle Street, Ste. #1400, Chicago, Illinois 60601.

***/s/ John Doody***
JOHN DOODY
Florida Bar Number: 0039290
KIRSTIE L. HAYDUK, ESQ.
Florida Bar Number: 168637
Lewis Brisbois Bisgaard & Smith LLP
200 S.W. 1st Avenue, Suite 910
Fort Lauderdale, Florida 33301
Telephone: 954.728.1280
Facsimile: 954.728.1282
Attorneys for Defendant Dell Inc.