IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 09-89539CA06

MAYRA PENA,

Plaintiff,

vs.

DELL INC., a Delaware corporation,

Defendant.

**COMPLAINT FOR DAMAGES**

Plaintiff, MAYRA PENA ("PENA"), by and through her counsel, DANIELS, KASHTAN, DOWNS, ROBERTSON & MCGIRNEY, P.A. and FORAN GLENNON PALANDECH & PONZI PC, and complaining of Defendant, DELL, INC. ("DELL") states as follows:

1. This is an action for damages in excess of $15,000, which exceeds the minimum required jurisdictional amount of this Court.

2. Plaintiff, PENA is a Florida resident and the owner of a house located at 1848 NW 9th St., Miami-Dade County, Florida, 33125-3509 (hereinafter the "premises").

3. Defendant, DELL is a Texas business located at 1 Dell Way, Round Rock, Texas, 78682.

4. On July 1, 2009, a fire occurred at the premises, causing extensive property damage to the premises and to PENA's real and personal property in excess of the minimum jurisdictional required amount of this Court.



EXHIBIT #1

5. A defect in a Dell laptop computer manufactured by Defendant DELL (hereinafter the "computer"), caused the fire.

6. Defendant, DELL has failed and refused to accept responsibility for the fire and pay the PENA's damages caused by the defective computer.

**JURISDICTION and VENUE**

7. This Court may exercise personal jurisdiction over the Defendant pursuant to F.S.A. § 48.193 because DELL committed a tortious act within Florida. DELL defectively designed, manufactured, assembled and/or tested a product used by a consumer within Florida in the ordinary course of commerce and use, which defective product DELL marketed, distributed and sold within Florida, and DELL is engaged in a substantial amount of business activity within Florida.

8. Venue is proper in this Court pursuant to F.S.A. § 47.051 because the property, which is the subject of this litigation, is located in Miami-Dade County, Florida, and the cause of action happened within Miami-Dade County, Florida.

**COUNT I**

**NEGLIGENCE-DELL**

9. Plaintiff, PENA repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 8 of this Complaint, above, as though fully set forth herein.

10. Defendant, DELL owed Plaintiff, PENA a duty to design, manufacture, assemble and/or test the computer in a reasonably safe manner so as not to damage Plaintiff's property, as

well as to correct and warn of dangerous conditions in DELL's computer which Defendant DELL knew or should have known about.

11. Notwithstanding Defendant, DELL's aforesaid duty, DELL breached said duty by committing or omitting one or more of the following acts and/or omissions:

a. DELL negligently designed, manufactured, assembled and/or tested the computer in such a way that it malfunctioned and caused the fire;

b. DELL negligently failed to warn PENA of the propensity of the aforesaid computer to malfunction in the manner in which it did to cause a fire;

c. DELL knew, prior to the occurrence of the fire, that similar computers which DELL designed, manufactured, assembled and/or sold malfunctioned and thereby caused fires, but DELL negligently and improperly failed to so advise Plaintiff PENA; and

d. DELL acted otherwise negligently and/or improperly with respect to the computer which contributed to the cause of the fire.

12. As a direct result of Defendant, DELL's aforesaid negligent conduct, a fire occurred, causing extensive damage to Plaintiff PENA's premises and her personal property, in a total amount in excess of the minimum jurisdictional required amount of this Court.

WHEREFORE, Plaintiff, PENA prays for judgment for damages in her favor against Defendant, DELL in the full amount of her provable damages, together with pre-judgment interest and costs and any additional and further relief which the Court deems just, fair, appropriate and/or reasonable.



LAW OFFICES
DANIELS, KASHTAN, DOWNS, ROBERTSON & MCGIRNEY
3300 PONCE DE LEON BOULEVARD · CORAL GABLES, FLORIDA 33134 · TELEPHONE 305.448.7988 · FAX 305.448.7978

**COUNT II**

**STRICT PRODUCT LIABILITY – Product Defect- DELL**

13. Plaintiff, PENA repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 8 of this Complaint, above, as though fully set forth herein.

14. DELL offered the computer for sale to the general public and consumers, including PENA.

15. The computer was expected to and did reach the general public and consumers, including PENA, in the condition in which it was designed, manufactured, assembled, tested, marketed, distributed and sold.

16. At all relevant times, DELL marketed its products, including the computer, to members of the general public, including PENA, who are ordinary users of the computer.

17. At all relevant times, PENA purchased and used the computer for its intended purpose.

18. At all relevant times, the computer remained in the condition in which it was designed, manufactured, assembled, tested, marketed, distributed and/or sold by DELL.

19. The computer and/or its parts or components were in a defective condition unreasonably dangerous as designed, manufactured, assembled, tested, marketed, distributed and/or sold by DELL, such that the defective computer caused a fire during normal operation for its foreseeable and intended use.

20. As a direct and proximate result of DELL's defective design, manufacture, assembly and/or testing of the computer, a fire occurred, causing extensive damage to Plaintiff

PENA's premises and her personal property, in a total amount in excess of the minimum jurisdictional required amount of this Court.

WHEREFORE, Plaintiff, PENA prays for judgment for damages in her favor against Defendant, DELL in the full amount of her provable damages, together with ~re-judgment interest and costs and any additional and further relief which the Court deems just, fair, appropriate and/or reasonable.

***PLAINTIFF, PENA DEMANDS TRIAL BY JURY AGAINST DEFENDANT.***

DATED, this 11th day of December, 2009.

Respectfully submitted,

DANIELS, KASHTAN, DOWNS, ROBERTSON & MCGIRNEY, P.A.

By: [signature]

Larry L. Cook
Fla. Bar No.: 0236799
3300 Ponce De Leon Boulevard
Coral Gables, FL 33134
Tel: (305) 448-7988
Fax: (305) 448-7978

AND

George D. Pilja
Foran Glennon Palandech & Ponzi PC
222 North LaSalle Street, Suite 1400
Chicago, IL 60601
312-863-5000
312-863-5099 (Fax)

Attorneys for Plaintiff

P:\EDSISS\DOCS\1033\6355\069894.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

FILED by ___ D.C.
FEB 12 2010
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

MAYRA PENA,

Plaintiff, CASE NO.:

v.

DELL INC.

Defendant.
_____________________________/

**NOTICE OF REMOVAL**

Defendant, DELL INC. ("Dell"), by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), 1446, and the applicable Local Rules of the Southern District of Florida, hereby removes the above-captioned civil action from the Circuit Court of Miami-Dade County of the State of Florida, to the United States District Court for the Southern District of Florida, Miami Division. In support thereof, Dell states as follows:

1. Plaintiff filed a Complaint in the Circuit Court for Miami-Dade County, Florida, against Dell Inc. A copy of the Summons and Complaint in the lower court action is attached hereto as Exhibit "1." Upon information and belief, this action was filed on or about December 11, 2009.

2. This removal has been filed in accordance with 28. U.S.C. §§ 1441(a), 1446.[1]

3. The Plaintiff is an individual that resides in the State of Florida. (*See* Compl. ¶ 2).

---

[1] Plaintiff's counsel granted Dell with an extension to respond to the Complaint until and including February 12, 2010.



EXHIBIT
tabbles
#2

4. Defendant Dell is a Delaware corporation with its principal place of business in Texas. (*See* Compl. ¶ 3).

5. The Plaintiff alleges in the Complaint that Defendant Dell is liable under theories of strict liability and negligence for damages allegedly caused by a fire. (*See* Compl. ¶¶ 4–5).

6. As authorized by 28 U.S.C. § 1441, removal is based on the U.S. District Court's original jurisdiction under 28 U.S.C. 1332, because diversity of citizenship between the parties exists and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).[2]

7. The undersigned has served notice of the removal of this action on the Plaintiff by serving its counsel with this notice of removal and has filed a copy of this notice of removal with the Clerk of the Circuit Court for Miami-Dade County, Florida. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "2."

8. As this action asserts a claim between diverse parties for an amount greater than the jurisdictional threshold of $75,000.00, the requirements of 28 U.S.C. § 1332 are satisfied and removal to this Court is proper.

WHEREFORE, Defendant, DELL INC., respectfully requests that this case be entered upon the docket of the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted,

SCOTT A. BASSMAN
FBN: 232180
JENNIFER O. VICIEDO
FBN: 0042761

[2] While Dell denies the Plaintiff is entitled to any alleged damages, the Plaintiff has indicated to Dell Inc. that she is seeking well in excess of $75,000.00 in damages in this case.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 12th day of February, 2010, we filed the foregoing document with the Clerk of Court via hand delivery. We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Dell Inc.
Dadeland Centre II
9150 S. Dadeland Boulevard
Suite 1400
Miami, Florida 33156
E-mail: scott.bassman@csklegal.com
jennifer.viciedo@csklegal.com
Telephone: 305-350-5300
Facsimile: 305-373-2294

By: ______________________
SCOTT A. BASSMAN
FBN: 232180
JENNIFER O. VICIEDO
FBN: 0042761

**SERVICE LIST**

**Mayra Pena v. Dell Inc.,**
**Case No.: ____________________**
**United States District Court, Southern District of Florida, Miami Division**

**Larry L. Cook, Esq.**
lcook@dkdr.com
Daniels, Kashtan, Downs, Robertson & McGirney
3300 Ponce de Leon Boulevard, Coral Gables, Florida 33134
Served via facsimile and U.S. Mail
***Counsel for Plaintiff***

**George D. Pilja, Esq.**
gpilja@fgpp.com
Foran Glennon Palandech & Ponzi, P.A.
222 North LaSalle Street, Suite 1400, Chicago, Illinois 60601.
Served via facsimile and U.S. Mail
***Counsel for Plaintiff***

**Scott A. Bassman, Esq.**
scott.bassman@csklegal.com
**Jennifer O. Viciedo, Esq.**
jennifer.viciedo@csklegal.com
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Served via transmission of Notice of Electronic Filing generated by CM/ECF
***Counsel for Defendant Dell Inc.***

SAB/JOV
L:\4600-0056-00\P\Notice of Removal_S.D. Fla..doc

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 09-89539CA06

MAYRA PENA,

Plaintiff,

vs.

DELL INC., a Delaware corporation,

Defendant.
_______________________________/

COMPLAINT FOR DAMAGES

Plaintiff, MAYRA PENA ("PENA"), by and through her counsel, DANIELS, KASHTAN, DOWNS, ROBERTSON & MCGIRNEY, P.A. and FORAN GLENNON PALANDECH & PONZI PC, and complaining of Defendant, DELL, INC. ("DELL") states as follows:

1. This is an action for damages in excess of $15,000, which exceeds the minimum required jurisdictional amount of this Court.

2. Plaintiff, PENA is a Florida resident and the owner of a house located at 1848 NW 9th St., Miami-Dade County, Florida, 33125-3509 (hereinafter the "premises").

3. Defendant, DELL is a Texas business located at 1 Dell Way, Round Rock, Texas, 78682.

4. On July 1, 2009, a fire occurred at the premises, causing extensive property damage to the premises and to PENA's real and personal property in excess of the minimum jurisdictional required amount of this Court.



EXHIBIT 1

5. A defect in a Dell laptop computer manufactured by Defendant DELL (hereinafter the "computer"), caused the fire.

6. Defendant, DELL has failed and refused to accept responsibility for the fire and pay the PENA's damages caused by the defective computer.

**JURISDICTION and VENUE**

7. This Court may exercise personal jurisdiction over the Defendant pursuant to F.S.A. § 48.193 because DELL committed a tortious act within Florida. DELL defectively designed, manufactured, assembled and/or tested a product used by a consumer within Florida in the ordinary course of commerce and use, which defective product DELL marketed, distributed and sold within Florida, and DELL is engaged in a substantial amount of business activity within Florida.

8. Venue is proper in this Court pursuant to F.S.A. § 47.051 because the property, which is the subject of this litigation, is located in Miami-Dade County, Florida, and the cause of action happened within Miami-Dade County, Florida.

**COUNT I**

**NEGLIGENCE-DELL**

9. Plaintiff, PENA repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 8 of this Complaint, above, as though fully set forth herein.

10. Defendant, DELL owed Plaintiff, PENA a duty to design, manufacture, assemble and/or test the computer in a reasonably safe manner so as not to damage Plaintiff's property, as



LAW OFFICES
DANIELS, KASHTAN, DOWNS, ROBERTSON & MCGIRNEY
3300 PONCE DE LEON BOULEVARD · CORAL GABLES, FLORIDA 33134 · TELEPHONE 305.448.7988 · FAX 305.448.7978

well as to correct and warn of dangerous conditions in DELL's computer which Defendant DELL knew or should have known about.

11. Notwithstanding Defendant, DELL's aforesaid duty, DELL breached said duty by committing or omitting one or more of the following acts and/or omissions:

a. DELL negligently designed, manufactured, assembled and/or tested the computer in such a way that it malfunctioned and caused the fire;

b. DELL negligently failed to warn PENA of the propensity of the aforesaid computer to malfunction in the manner in which it did to cause a fire;

c. DELL knew, prior to the occurrence of the fire, that similar computers which DELL designed, manufactured, assembled and/or sold malfunctioned and thereby caused fires, but DELL negligently and improperly failed to so advise Plaintiff PENA; and

d. DELL acted otherwise negligently and/or improperly with respect to the computer which contributed to the cause of the fire.

12. As a direct result of Defendant, DELL's aforesaid negligent conduct, a fire occurred, causing extensive damage to Plaintiff PENA's premises and her personal property, in a total amount in excess of the minimum jurisdictional required amount of this Court.

WHEREFORE, Plaintiff, PENA prays for judgment for damages in her favor against Defendant, DELL in the full amount of her provable damages, together with pre-judgment interest and costs and any additional and further relief which the Court deems just, fair, appropriate and/or reasonable.

**COUNT II**

**STRICT PRODUCT LIABILITY – Product Defect- DELL**

13. Plaintiff, PENA repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 8 of this Complaint, above, as though fully set forth herein.

14. DELL offered the computer for sale to the general public and consumers, including PENA.

15. The computer was expected to and did reach the general public and consumers, including PENA, in the condition in which it was designed, manufactured, assembled, tested, marketed, distributed and sold.

16. At all relevant times, DELL marketed its products, including the computer, to members of the general public, including PENA, who are ordinary users of the computer.

17. At all relevant times, PENA purchased and used the computer for its intended purpose.

18. At all relevant times, the computer remained in the condition in which it was designed, manufactured, assembled, tested, marketed, distributed and/or sold by DELL.

19. The computer and/or its parts or components were in a defective condition unreasonably dangerous as designed, manufactured, assembled, tested, marketed, distributed and/or sold by DELL, such that the defective computer caused a fire during normal operation for its foreseeable and intended use.

20. As a direct and proximate result of DELL's defective design, manufacture, assembly and/or testing of the computer, a fire occurred, causing extensive damage to Plaintiff



LAW OFFICES
DANIELS, KASHTAN, DOWNS, ROBERTSON & MCGIRNEY
3300 PONCE DE LEON BOULEVARD · CORAL GABLES, FLORIDA 33134 · TELEPHONE 305.448.7988 · FAX 305.448.7978

PENA's premises and her personal property, in a total amount in excess of the minimum jurisdictional required amount of this Court.

WHEREFORE, Plaintiff, PENA prays for judgment for damages in her favor against Defendant, DELL in the full amount of her provable damages, together with -re-judgment interest and costs and any additional and further relief which the Court deems just, fair, appropriate and/or reasonable.

*PLAINTIFF, PENA DEMANDS TRIAL BY JURY AGAINST DEFENDANT.*

DATED, this 11th day of December, 2009.

Respectfully submitted,

DANIELS, KASHTAN, DOWNS, ROBERTSON & MCGIRNEY, P.A.

By: [signature]

Larry L. Cook
Fla. Bar No.: 0236799
3300 Ponce De Leon Boulevard
Coral Gables, FL 33134
Tel: (305) 448-7988
Fax: (305) 448-7978

AND

George D. Pilja
Foran Glennon Palandech & Ponzi PC
222 North LaSalle Street, Suite 1400
Chicago, IL 60601
312-863-5000
312-863-5099 (Fax)

Attorneys for Plaintiff

P:\EDSISS\DOCS\1033\6355\D69894.DOC

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 09-89539CA06

MAYRA PENA,

Plaintiff,

vs.

DELL INC., a Delaware corporation,

Defendant.

Served on 12/28/09 at 1:45pm
By serving Corporation Service Company
As Reg Agent Sign: ____
By Rick Habecker, Process Server
Cert. No. SCH1809 In The ____ Jud. Circuit
ESQUIRE EXPRESS, INC.

**SUMMONS**

THE STATE OF FLORIDA

To Each Sheriff of said State:

YOU ARE HEREBY COMMANDED to serve this Summons and copy of the Complaint or Petition in this action on defendant.

Serve: Corporation Service Company
701 Brazos Street
Suite 1050
Austin, Texas 78701

Each defendant is required to serve written defenses to the complaint or Petition on plaintiff, to wit:

Larry L. Cook, Esquire
Daniels, Kashtan, Downs, Robertson & McGirney
3300 Ponce de Leon Boulevard
Coral Gables, Florida 33134
Telephone No.: (305) 448-7988
Facsimile No.: (305) 448-7978

within twenty (20) days after this summons on the defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of the Court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a Default will be entered against the defendant for the relief demanded in the complaint or Petition.

DATED this ____ day of DEC 11 2009, 2009.

CLERK OF COURT

By: ____
Deputy Clerk
(Seal)

RICK HABECKER
SCH1809

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 09-89539 CA 06

MAYRA PENA,

Plaintiff,

v.

DELL INC.

Defendant.

______________________________/

**NOTICE OF REMOVAL**

Defendant, DELL INC., by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446, hereby gives notice to this Court of the removal of this cause to the United States District Court for the Southern District of Florida. A copy of the Notice of Removal which has been filed with Southern District of Florida is attached hereto as Exhibit "A."

EXHIBIT
tabbies
2

Case No. 09-89539 CA 06

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was sent via facsimile and U.S. Mail this 12th day of February, 2010 to: **Larry L. Cook, Esq.,** Daniels, Kashtan, Downs, Robertson & McGirney, 3300 Ponce de Leon Boulevard, Coral Gables, Florida 33134; and **George D. Pilja, Esq.**, Foran Glennon Palandech & Ponzi, P.A., 222 North LaSalle Street, Suite 1400, Chicago, Illinois 60601.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Dell Inc.
Dadeland Centre II
9150 S. Dadeland Boulevard
Suite 1400
Miami, Florida 33156
E-mail: scott.bassman@csklegal.com
jennifer.viciedo@csklegal.com
Telephone: 305-350-5303
Facsimile: 305-373-2294

By: ______________________
SCOTT A. BASSMAN
FBN: 232180
JENNIFER O. VICIEDO
FBN: 0042761

SAB/JOV
L:\4600-0056-00\P\Notice of Removal_MDC Circuit Court.doc

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

FILED by [signature] D.C.
FEB 12 2010
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S.D. of FLA - MIAMI

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
Mayra Pena

**DEFENDANTS**
Dell Inc.

(b) County of Residence of First Listed Plaintiff ______
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ______
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Larry L. Cook
Daniels, Kashtan, Downs, P.A.
3300 Ponce De Leon Blvd.
Coral Gables, FL 33139
# 305-448-7988

&
George Pilja
Foran, Glennon, P.C.
222 N. LaSalle St.
Suite 1400
Chicago, IL 60601

Attorneys (If Known)
Scott A. Baldman & Jennifer D. Vicedo
Cole, Scott & Kissane, P.A.
9150 S. Dadeland Blvd., Suite 1400
Miami, FL 33156 # 305-350-5300

(d) Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☒ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page): a) Re-filed Case ☐ YES ☐ NO b) Related Cases ☐ YES ☐ NO
JUDGE DOCKET NUMBER

**VII. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

LENGTH OF TRIAL via ____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000.00 +
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD [signature]
DATE 02/12/2010

FOR OFFICE USE ONLY
AMOUNT ______ RECEIPT # ______ IFP

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

FILED by EL D.C.
FEB 12 2010
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

MAYRA PENA,

Plaintiff, CASE NO.:

v.

DELL INC.

Defendant.
_____________________________/

**DEFENDANT DELL INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, DELL INC. ("Dell"), by and through undersigned counsel, hereby answers Plaintiff's Complaint as follows:

1. Dell admits that, based on the allegations contained in Plaintiff's Complaint, Plaintiff seeks damages in excess of $15,000.00. Dell denies as untrue, however, that it is in any way responsible or liable to Plaintiff in any amount or that Plaintiff is entitled to any relief, let alone an amount in excess of $15,000.00.

2. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore denies same.

3. Dell admits that it is a foreign corporation with its principal place of business in the State of Texas.

4. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint, and therefore denies same.



EXHIBIT
#3

5. Dell denies as untrue the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Dell denies the allegations contained in Paragraph 6 of Plaintiff's Complaint as phrased.

**JURISDICTION and VENUE**

7. Dell admits that it is a foreign corporation authorized to do business in the State of Florida. All other allegations contained in Paragraph 7 of Plaintiff's Complaint are denied as phrased.

8. Dell denies the allegations contained in Paragraph 8 of Plaintiff's Complaint as phrased.[1]

**COUNT I**

**NEGLIGENCE–DELL**

9. Dell re-avers and reasserts its responses to Paragraphs 1 through 8 above as if fully set forth and incorporated herein.

10. Paragraph 10 states conclusions of law to which no answer is required. To the extent an answer is required, Dell admits only those duties expressly provided for by law, and avers that it has fully complied with any such duties.

11. Dell denies as untrue the allegations in Paragraph 11, including subparts (a) through (d), of Plaintiff's Complaint.

12. Dell denies as untrue the allegations in Paragraph 12 of Plaintiff's Complaint.

WHEREFORE, Dell respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and award costs and attorneys' fees to Dell.

---

[1] Dell denies the allegations of Paragraph 8 of Plaintiff's Complaint because this action was removed from state court in Miami-Dade County, Florida to the federal District Court for the Southern District of Florida based on diversity of jurisdiction, 28 U.S.C. § 1332.

**COUNT II**

**STRICT PRODUCT LIABILITY–Product Defect–DELL**

13. Dell re-avers and reasserts its responses to Paragraphs 1 through 8 above as if fully set forth and incorporated herein.

14. While Dell admits that it offers certain computers for sale to the general public and consumers, Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint, and therefore denies the same.

15. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint, and therefore denies the same.

16. While Dell admits that it markets certain products, including certain computers, to the general public, Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint, and therefore denies the same.

17. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint, and therefore denies the same.

18. Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Complaint, and therefore denies the same.

19. Dell denies as untrue that the subject computers were defective. Dell denies as untrue the remainder of the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Dell denies as untrue the allegations contained in Paragraph 20 of Plaintiff's Complaint.

WHEREFORE, Dell respectfully requests that Court dismiss Plaintiff's Complaint with prejudice and award costs and attorneys' fees to Dell.

**DEMAND FOR JURY TRIAL**

Dell relies upon Plaintiff's demand for a trial by jury on all issues so triable.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a cause of action upon which relief can be granted, barring recovery against Dell.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were caused by Plaintiff's negligence, contributory and/or comparative negligence, barring or reducing recovery against Dell.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were proximately caused or contributed to by supervening or intervening causes other than an act or omission on the part of Dell, or by reason of negligence by other persons, firms, corporations, or entities not by reason of negligence on the part of Dell, all of which could not have reasonably been foreseen, controlled or prevented, barring Plaintiff from any recovery against Dell.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery herein based upon the doctrines of contributory and/or comparative negligence, and assumption of risk.

**FIFTH AFFIRMATIVE DEFENSE**

Dell asserts the affirmative defenses of spoliation of evidence, improper use of the products, modification of the products, state of the art, and any other defenses supported by discovery, associated with the Uniform Commercial Code, the Magnuson-Moss Warranty Act, if applicable, and all bona-fide defenses associated with state and federal consumer protection acts.

**SIXTH AFFIRMATIVE DEFENSE**

The computer equipment, components, and/or parts for which Dell is alleged to be responsible was altered, modified, misused, and/or abused after the time it left Dell's control so as to defeat any and all claims against Dell.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff and/or others failed to follow instructions, directions, warnings, and custom and usage, all of which were adequate and effective, pertaining to the computer equipment, components, parts, and/or assembly for which Dell is alleged to be responsible so as to defeat any and all claims against Dell.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery, if any, is limited to the written warranties which came with the subject computers or as otherwise provided by law.

**NINTH AFFIRMATIVE DEFENSE**

The designs of Dell's computer equipment, if any, were consistent with the state of the art at the time of their sale and were manufactured and assembled pursuant to the generally recognized and prevailing standards in existence at the time of their sale, thereby barring any recovery against Dell.



COLE, SCOTT & KISSANE, P.A.
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33156 - (305) 350-5300 - (305) 373-2294 FAX

**TENTH AFFIRMATIVE DEFENSE**

There exists no proximate causation between any alleged act or alleged breach of duty by Dell and any Plaintiff's alleged damages. Any alleged damages were solely the result of the conduct of persons other than Dell, thereby barring Plaintiff from any recovery against Dell.

**ELEVENTH AFFIRMATIVE DEFENSE**

Dell's computer equipment complies with all applicable governmental and agency statutes, regulations, and standards.

**TWELFTH AFFIRMATIVE DEFENSE**

Dell did not engage in the design or manufacture of the equipment, components, and/or parts, including, but not limited to the batteries and/or power cords connected to Plaintiff's subject computer at the time of the subject incident.

**THIRTEENTH AFFIRMATIVE DEFENSE**

No warranties of any kind exist between Dell and Plaintiff concerning the equipment, components, and/or parts, including, but not limited to the batteries and/or power cords attached to the subject computer.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate her damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Dell is a non-manufacturing seller of any allegedly defective product and cannot be held liable under all applicable laws.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Economic Loss Doctrine.



COLE, SCOTT & KISSANE, P.A.
DADELAND CENTRE II - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33156 - (305) 350-5300 - (305) 373-2294 FAX

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Dell assert that all damages should be apportioned based upon the fault of any and all persons and/or entities who may be at fault for the Plaintiff's damages, if any, including, but not limited to, any person and/or entity that disassembled, repaired, tampered, manufactured, serviced, altered, replaced, and/or changed in any way the subject computer and/or any of its component parts. *See* Fabre v. Marin, 623 So. 2d 1182 (Fla. 1993).

Dell denies each and every allegation raised in Plaintiff's Complaint not specifically and expressly admitted herein.

Based on choice of law principles and the Terms and Conditions of Sale Agreement, Texas law governs Plaintiff's claims, and Dell will rely on Texas law, where applicable, in connection with the above defenses and such other defenses as discovery may reveal.

Dell reserves to amend its affirmative defenses and add additional defenses as may become known through the discovery process.

Respectfully submitted,

SCOTT A. BASSMAN
FBN: 232180
JENNIFER O. VICIEDO
FBN: 0042761

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 12th day of February, 2010, we filed the foregoing document with the Clerk of Court via hand delivery. We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Dell Inc.
Dadeland Centre II
9150 S. Dadeland Boulevard
Suite 1400
Miami, Florida 33156
E-mail: scott.bassman@csklegal.com
jennifer.viciedo@csklegal.com
Telephone: 305-350-5300
Facsimile: 305-373-2294

By: ______________________
SCOTT A. BASSMAN
FBN: 232180
JENNIFER O. VICIEDO
FBN: 0042761

**SERVICE LIST**

**Mayra Pena v. Dell Inc.,**
**Case No.: ____________________**
**United States District Court, Southern District of Florida, Miami Division**

**Larry L. Cook, Esq.**
lcook@dkdr.com
Daniels, Kashtan, Downs, Robertson & McGirney
3300 Ponce de Leon Boulevard, Coral Gables, Florida 33134
Served via facsimile and U.S. Mail
***Counsel for Plaintiff***

**George D. Pilja, Esq.**
gpilja@fgpp.com
Foran Glennon Palandech & Ponzi, P.A.
222 North LaSalle Street, Suite 1400, Chicago, Illinois 60601.
Served via facsimile and U.S. Mail
***Counsel for Plaintiff***

**Scott A. Bassman, Esq.**
scott.bassman@csklegal.com
**Jennifer O. Viciedo, Esq.**
jennifer.viciedo@csklegal.com
Cole, Scott & Kissane, P.A.
Dadeland Centre II
9150 S. Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Served via transmission of Notice of Electronic Filing generated by CM/ECF
***Counsel for Defendant Dell Inc.***

SAB/JOV
L:\4600-0056-00\P\Answer.doc

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 10-20463-CIV-MARTINEZ-BROWN**

MAYRA PENA,
Plaintiff,

vs.

DELL INC.,
Defendant.
_______________________________________/

**ORDER GRANTING WITHDRAWAL OF COUNSEL AND REQUIRING DEFENDANT TO FILE NOTICE**

THIS CAUSE came before the Court upon Defense Counsel's Motion to Withdraw as Counsel of Record for Defendant Dell Inc. **(D.E. No. 19)**. It is, hereby:

**ORDERED AND ADJUDGED** that

1. Defense Counsel's Motion to Withdraw as Counsel of Record for Defendant Dell Inc. **(D.E. No. )** is hereby GRANTED. Counsel SHALL BE PERMITTED to withdraw as Attorney of Record. Counsel shall, first immediately, send a copy of this Order to their client and file with the Clerk a certification of service.

2. Defendant Dell Inc. SHALL retain new counsel, and new counsel SHALL file a Notice of Appearance **on or before June 18, 2010**. A corporation must be represented by counsel and cannot proceed pro se. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). **Failure to comply with this Order SHALL result in the entry of a final default judgment against Defendant.**

DONE AND ORDERED in Chambers at Miami, Florida, this 18 day of May, 2010.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record

EXHIBIT
#4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 10-20463-CIV-Martinez/Brown

MAYRA PENA,

Plaintiff,

vs.

DELL INC., a Delaware Corporation,

Defendant.

______________________________/

**NOTICE OF APPEARANCE**

THE UNDERSIGNED law firm hereby enters its appearance as counsel on behalf of Defendant, DELL INC., in the above-styled cause and requests that copies of all papers, pleadings, etc., to be mailed to the undersigned as set forth below.

Respectfully submitted,

By: ______________________________

JOHN DOODY
Florida Bar Number: 0039290
KIRSTIE L. HAYDUK, ESQ.
Florida Bar Number: 168637
Lewis Brisbois Bisgaard & Smith LLP
200 S.W. 1st Avenue, Suite 910
Fort Lauderdale, Florida 33301
Telephone: 954.728.1280
Facsimile: 954.728.1282
*Attorneys for Defendant Dell Inc.*

4834-5687-1942.1

EXHIBIT
#5

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that I electronically filed the foregoing on this 1st day of June, 2010 with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing to: **LARRY L. COOK, ESQ.,** *Attorney for Plaintiff*, Daniel, Kashtan, Downs, Robertson & McGirney, 3300 Ponce de Leon Boulevard, Coral Gables, Florida 33134 and U.S. Mail to **GEORGE D. PILJA, ESQ.**, *Attorney for Plaintiff*, Foran Glennon Palandech & Ponzi, P.A., 222 North LaSalle Street, Ste. #1400, Chicago, Illinois 60601.